UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL MICHAEL GAVENDA,

                Petitioner,

v.                                                CASE NO. 2:12-cv-13682

                                                    HONORABLE SEAN F. COX
DEBRA SCUTT,                            UNITED STATES DISTRICT JUDGE

                Respondent.
_____/

**OPINION AND ORDER
DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I.    Introduction**

This matter is pending before the Court on petitioner Paul Michael Gavenda's *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner raises one claim about his trial attorney and two claims about the scoring of the state sentencing guidelines. Respondent Debra Scutt urges the Court through counsel to deny the petition on grounds that Petitioner's claims were waived, are not cognizable, or lack merit. For the reasons set forth below, the Court agrees with Respondent that Petitioner is not entitled to habeas corpus relief. Accordingly, the petition for a writ of habeas corpus is **DENIED**.

**II.    Facts and Procedural History**

Petitioner was charged in Gratiot County, Michigan with three counts of armed robbery, one count of fleeing and eluding a police officer, and one count of resisting and obstructing a police officer. The charges arose from a bank robbery in Fulton Township on December 22, 2009, and a subsequent police chase. Petitioner went into the bank with a BB gun and a mask on

his face.  He demanded money from the bank tellers and left the bank with a bag of money.  The police were alerted and gave chase.  They ultimately apprehended Petitioner and found nearly $8,000 on him.

On February 8, 2010, Petitioner pleaded guilty to two counts of armed robbery, MICH. COMP. LAWS § 750.529, in return for the dismissal of the other charges and a fixed sentence of eighty-five to two hundred forty months (seven years, one month to twenty years).  On March 8, 2010, the trial court sentenced Petitioner, as agreed, to two concurrent terms of eighty-five to two hundred forty months in prison.  Petitioner was thirty-five years old at the time.

Petitioner did not pursue a direct appeal from his convictions and sentence.  Instead, on April 8, 2011, he filed a motion for relief from judgment, asserting the same claims that he raises in his habeas petition.  The trial court denied the motion after concluding that the sentencing guidelines were properly scored and that petitioner's ineffective-assistance-of-counsel claim lacked merit.  *See People v. Gavenda*, No. 09-5915-FC (Gratiot Co. Cir. Ct. July 22, 2011).  Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D).  *See People v. Gavenda*, No. 305585 (Mich. Ct. App. Oct. 20, 2011).  On July 24, 2012, the Michigan Supreme Court denied leave to appeal for the same reason.  *See People v. Gavenda*, 492 Mich. 852; 817 N.W.2d 76 (2012) (table).

On August 20, 2012, Petitioner filed his habeas corpus petition.  His first claim alleges that his Sixth Amendment right to effective assistance of counsel was violated by his trial attorney's failure to challenge the scoring of the state sentencing guidelines.  The second and third claims allege that Petitioner's Fourteenth Amendment right to due process was violated by

the erroneous scoring of offense variables four and nineteen of the state sentencing guidelines. Respondent asserts in her answer to the petition that Petitioner's sentencing claims are waived, are not cognizable on habeas review, or lack merit and that Petitioner's related claim about trial counsel also lacks merit.

### III.     Standard of Review

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 783 (2011). Pursuant to § 2254, state prisoners are not entitled to the writ of habeas corpus unless the state court's adjudication of their claims on the merits

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., opinion of the Court for Part II).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

3

*Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

IV.    **Analysis**

    **A.  The Sentencing Guidelines Claims**

The second and third habeas claims allege that Petitioner's constitutional right to due process of law was violated by the miscalculation of offense variables four and nineteen of the state sentencing guidelines. Petitioner arguably waived review of these claims when he consented to a specific sentence as part of his plea agreement. *United States v. Livingston*, 1 F.3d 723, 725 (8th Cir. 1993); *People v. Billings*, 283 Mich. App. 538, 550; 770 N.W.2d 893, 900 (2009) (citing *People v. Wiley*, 472 Mich. 153, 154; 693 N.W.2d 800, 800 (2005)). Petitioner cannot "complain that his rights were violated when he received the exact sentence for which he bargained." *Lozada-Rivera v. United States*, 195 F. Supp.2d 365, 368 (D. Puerto Rico 2002).

Furthermore, the state court's interpretation and application of its sentencing laws and guidelines "is a matter of state concern only," *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). To obtain habeas corpus relief, Petitioner must show that he is in custody in violation of federal law. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because Petitioner alleges violations of state law, his challenge to the scoring of the

sentencing guidelines is not a cognizable claim in this habeas corpus proceeding. *Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001).

The only federal constitutional right implicated here is the right to be sentenced on the basis of accurate information. The Due Process Clause is violated when a defendant is sentenced on "extensively and materially false" information, which he or she had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). For the following reasons, however, the Court finds that Petitioner was not sentenced on the basis of extensively and materially false information.

### 1. Offense Variable Four

Petitioner contends that he was deprived of due process by a score of ten points for offense variable four (psychological injury to victim). According to Petitioner, there is no evidence in the record to support the contention that either of the two victims suffered serious psychological injury or needed treatment for such an injury.

Offense variable four may be scored at ten points if "[s]erious psychological injury requiring professional treatment occurred to a victim." MICH. COMP. LAWS § 777.34(1)(a). When making the determination of whether serious psychological injury requiring professional treatment occurred, the fact that treatment was not sought is not conclusive. MICH. COMP. LAWS § 777.34(2).

Only one of the victims in this case completed a victim impact statement, and she did not answer the question of whether she was psychologically injured as a result of the incident. She did, however, write that she was expecting her first child at the time of the robbery and that her doctor advised her to go to the emergency room out of concern for the effect of the robbery on

her baby. She also wrote in her victim impact statement that Petitioner's conduct affected the entire community. Petitioner himself admitted at his sentencing that he had frightened the victims and "traumatized their [lives]." (Sentence Tr. 6, Mar. 8, 2010.) Because the victims were fearful during their encounter with Petitioner, the evidence was sufficient to support the decision to score offense variable four at ten points. *People v. Apgar*, 264 Mich. App. 321, 329; 690 N.W.2d 312, 318 (2004).

### 2. Offense Variable Nineteen

Petitioner contends next that he was deprived of due process by the scoring of ten points for offense variable nineteen. *See* MICH. COMP. LAWS § 777.49 (threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services). Ten points is appropriate if "[t]he offender . . . interfered with or attempted to interfere with the administration of justice." MICH. COMP. LAWS § 777.49(c).

Petitioner admitted at the plea proceeding that, following a short chase by the police, he got out of his vehicle and ran on foot. (Plea Tr. 17, Feb. 8, 2010.) And at his sentencing, Petitioner apologized to the law enforcement officers who were forced to chase him. He explained that he ran because he was on drugs, was scared, and knew that he "had committed a grave mistake." (Sentence Tr. 6, Mar. 8, 2010.)

The presentence report, moreover, states that Deputy Schueller of the Gratiot County Sheriff's Department pursued Petitioner by car after activating his emergency lights and sirens. Petitioner continued speeding down the road and failed to stop at an intersection. After his vehicle landed in a ditch, Petitioner got out of the vehicle and fled on foot. Deputy Schueller then pursued Petitioner on foot and ordered him to stop. Petitioner did not comply with Deputy

Schueller's orders and, after a chase of more than a mile, Deputy Schueller and another deputy sheriff managed to subdue him.

The trial court correctly concluded from the facts that Petitioner interfered with the administration of justice by fleeing from the police. Consequently, offense variable nineteen was properly scored at ten points.

### 3. Summary

Petitioner has not shown that the trial court relied on "extensively and materially false" information, *Townsend v. Burke*, 334 U.S. at 741, or that his sentence was "founded at least in part upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447 (1972). Consequently, he has no right to relief on the basis of his challenge to the scoring of offense variables four and nineteen of the Michigan sentencing guidelines.

### B.  Trial Counsel

Petitioner claims that he was denied his constitutional right to effective assistance of counsel by his attorney's failure to challenge the scoring of the sentencing guidelines. Petitioner asserts that, if offense variables four and nineteen had been scored properly, his sentencing guidelines range would have been fifty-one to eighty-five months instead of eighty-one to one hundred thirty-five months. The trial court stated on review of this claim that, because the offense variables were properly scored, Petitioner's claim of ineffective assistance of counsel for failing to investigate and object to the scoring of the offense variables had no merit.

To prevail on his claim here, Petitioner must show that his attorney's "performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The "deficient performance" prong "requires showing

that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689.

To demonstrate that counsel's performance prejudiced the defense, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

At sentencing, Petitioner stated that he had an adequate opportunity to talk with his attorney before his case was called and that he was happy with the job his attorney was doing on his behalf. Petitioner also stated that he had to pay the consequences for his crime. (Sentence Tr. 3-4, Mar. 8, 2010.) The record, moreover, indicates that the sentencing guidelines were appropriately scored. "Counsel cannot be ineffective for failing to object to what was properly done." *James v. United States*, 217 F. App'x 431, 441 (6th Cir. 2007) (citing *United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005)).

Furthermore, defense counsel negotiated a favorable sentencing agreement which called for a fixed sentence, as opposed to a sentence within the guidelines. Petitioner's minimum sentence of eighty-five months fell within the guidelines range that he alleges he should have received, and his maximum sentence of twenty years is considerably less than it could have been without the sentencing cap. *See* MICH. COMP. LAWS § 750.529 (authorizing a sentence of life imprisonment or any number of years for armed robbery).

The Court concludes that defense counsel's performance was not deficient and that the deficient performance did not prejudice Petitioner. Therefore, the state court's rejection of

Petitioner's ineffectiveness claim was not contrary to, or an unreasonable application of, *Strickland*.

## V. Conclusion

For the reasons stated above, the trial court's rejection of Petitioner's sentencing and ineffective-assistance-of-counsel claims was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus [Doc. #1, filed Aug. 20, 2012] is **DENIED**.

## VI. Denial of a Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists could not debate whether Petitioner's claims should have been

resolved differently or whether the claims deserve encouragement to proceed further.

Accordingly,

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. Petitioner nevertheless may appeal the Court's decision in this matter without further authorization because he was granted leave to proceed *in forma pauperis* in the District Court, and an appeal could be taken in good faith. Fed. R. App. P. 24(a)(3)(A).


Dated:  May 7, 2013                                     S/ Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Court Judge


I hereby certify that on May 7, 2013, the foregoing document was served upon counsel of record by electronic means and upon Paul Michael Gavedna by First Class Mail at the address below:

Paul Gavenda
759489
Parnall Correctional Facility
1780 E. Parnall
Jackson, MI 49201

Dated:  May 7, 2013                                     S/ J. McCoy
                                                        Case Manager